WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Komarnisky,<br><br>    Plaintiff,<br><br>v.<br><br>CIGNA Healthcare of Arizona,<br><br>    Defendant. | No. CV-20-01034-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Defendant CIGNA Healthcare of Arizona, Inc.'s ("Cigna") Motion for Summary Judgment (Doc. 26). *Pro se* Plaintiff Christopher Komarnisky ("Dr. Komarnisky") has filed a Response (Doc. 28), and Cigna has filed a Reply (Doc. 30).

**I.    Background**

This consolidated case arises from many small claims Complaints that Plaintiff originally filed in Maricopa County Justice Court. (*See e.g.*, Doc. 1-1 at 4). The six Complaints allege that Dr. Komarnisky has five patients with Cigna health insurance plans (the "Plans"). Dr. Komarnisky alleges he has sought payment form Cigna for treating these patients, but Cigna wrongfully declined to cover the treatment. (*Id.*) The Complaints make no specific mention of any particular legal cause of action, although they clearly seek benefits under the Plans.

Cigna removed these cases, arguing that the Court has original jurisdiction over the matter because the Employee Retirement Income Security Act of 1974 ("ERISA") governs

his claims and preempts any other state law claims. (Doc. 1). Cigna now moves for summary judgment. (Doc. 26).

## II. Legal Standard

A court will grant summary judgment if the movant shows there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A factual dispute is genuine when a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, a court does not weigh evidence to discern the truth of the matter; it only determines whether there is a genuine issue for trial. *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994). A fact is material when identified as such by substantive law. *Anderson*, 477 U.S. at 248. Only facts that might affect the outcome of a suit under the governing law can preclude an entry of summary judgment. *Id.*

The moving party bears the initial burden of identifying portions of the record, including pleadings, depositions, answers to interrogatories, admissions, and affidavits, that show there is no genuine factual dispute. *Celotex*, 477 U.S. at 323. Once shown, the burden shifts to the non-moving party, which must sufficiently establish the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. But if the non-movant identifies "evidence [that] is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted). "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

## III. Discussion

Cigna's ultimate argument is that Dr. Komarnisky has no standing to bring an ERISA claim. (Doc. 26). Before reaching that argument, however, the Court must first

determine whether Dr. Komarnisky is really bringing ERISA claims and whether the Court has jurisdiction over this matter. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006).

### a. Whether Dr. Komarnisky Asserts ERISA Claims

While the Complaints do not mention ERISA, Cigna argues Dr. Komarnisky's claims are necessarily ERISA claims because all other possible state-law claims are preempted. (Doc. 1). And because ERISA is a federal cause of action, Cigna argues this Court has jurisdiction. (*Id.* at 2 (citing 28 U.S.C. § 1331)).

An ERISA plan, or more specifically an "employee welfare benefit plan," is defined as a plan "established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . ." 29 U.S.C. § 1002(1). Under ERISA § 502(a)(1)(B), certain parties with an interest in an ERISA plan may bring a civil action "to recover benefits due to [them] under the terms of his plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

If a state-law cause of action falls within the scope of § 502(a)(1)(B), "those causes of action are completely preempted, and the only possible cause of action is under § 502(a)(1)(B)." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."). This is to say that once an ERISA claim is made, a plaintiff may not bring similar state-law claims seeking benefits for an ERISA plan. *Id.*

Here, Cigna argues that the Plans at issue are maintained by an employer to provide medical benefits to the Plans' beneficiaries, which makes them ERISA plans. (Doc. 26 at 2–3). Pursuant to the Court's Order, Cigna filed copies of the Plans under seal. (Doc. 25).

Dr. Komarnisky has not contested whether the Plans are covered by ERISA, and, upon review, the Court finds the Plans in each of these consolidated cases are maintained by an employer to provide medical benefits and so are covered by ERISA.[1]

All of Dr. Komarnisky's claims seek to recover benefits under ERISA Plans. Therefore, his claims fall under ERISA § 502(a)(1)(B), and all other potential state-law claims that fall within § 502(a)(1)(B)'s scope are necessarily preempted. *See Marin Gen. Hosp.*, 581 F.3d at 946. The Court, liberally interpreting the Complaints, can find no other cause of action. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that *pro se* filings must be liberally interpreted). Because the only cause of action in this case is a federal ERISA claim, the Court may properly exercise its federal question jurisdiction and proceed to the merits of Cigna's Motion for Summary Judgment. *See* 28 U.S.C. § 1331.

### b. Whether Dr. Komarnisky has Standing

Article III of the Constitution establishes that federal courts may only hear cases or controversies. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). To satisfy this constitutional requirement, a plaintiff must have suffered a concrete and particularized injury that is both fairly traceable to the defendant's conduct and redressable by a favorable decision. *Id.* at 560–61.

A party has standing to bring an ERISA claim if he is one of the identified parties in ERISA's civil enforcement provisions. *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1288 (9th Cir. 2014). "ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), identifies only plan participants, beneficiaries, fiduciaries, and the Secretary of Labor as '[p]ersons empowered to bring a civil action.'" *Id.* at 1288–89 (quoting *Misic v. Bldg. Serv. Emps. Health & Welfare Trust*, 789 F.2d 1374, 1378 (9th Cir.1986)). Non-participant health care providers may not bring claims for benefits on their own behalf. *Id.* at 1289. This is because health care providers are not beneficiaries within the meaning of § 502(a). *DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.*, 852 F.3d 868, 876 (9th Cir. 2017).

---

[1] The Court notes Cigna filed the Plans in a disorganized fashion with no index or list of documents to guide the Court in its review of the 3,385 pages.

Health care providers may pursue an ERISA claim provided that a patient has assigned the provider its benefits claim. *Spinedex*, 770 F.3d at 1289. However, if an ERISA plan contains an anti-assignment clause, then the claim may not be assigned. *Id.* at 1296 ("Anti-assignment clauses in ERISA plans are valid and enforceable.").

Cigna argues that Dr. Komarnisky lacks standing to bring an ERISA claim because he is not a plan participant, a beneficiary, or fiduciary. (Doc. 26 at 3). Furthermore, Cigna argues anti-assignment provisions in four of the Plans prevent some of Dr. Komarnisky's patients (K.A., J.B., M.S., and R.T.) from assigning their claims to him. (*Id.*) As to the fifth patient (C.M.) Cigna argues there is no evidence that Dr. Komarnisky was assigned the insurance claim. (*Id.*)

In his Response, Dr. Komarnisky does not argue that he is a participant, beneficiary, or fiduciary. He also fails to address whether he has standing in the regards to those Plans with anti-assignment provisions. (Doc. 28 at 1) ("Whether, I have standing with the cases for K.A., J.B., M.S. and R.T. I will let the [C]ourt decide."). Although Dr. Komarnisky claims to have a valid assignment of benefits from C.M., he has produced no evidence to support this assertion. (*Id.*) Simply saying an assignment exists, at the summary judgment stage, does not suffice. *See Publ'g Clearing House, Inc.*, 104 F.3d at 1171. Once Cigna argued no evidence shows a valid assignment, Dr. Komarnisky had the burden to establish the existence of the assignment with evidentiary support. *See Matsushita*, 475 U.S. 574, 585–86 (1986).

The Court has reviewed the Plans for K.A., J.B., M.S. and R.T., and it finds they contain anti-assignment clauses. Therefore, Dr. Komarnisky may not bring a claim against Cigna on behalf of K.A., J.B., M.S. or R.T. because he may not be assigned the claim. And, because Dr. Komarnisky has provided no evidence that C.M. has assigned the claim to him, the Court must find that he also does not have standing to bring a claim as C.M.'s assignee. The Court will grant Cigna's Motion for Summary Judgment because Dr. Komarnisky has no standing to bring his ERISA claims.

/ / /

## IV. Conclusion

Dr. Komarnisky notes in his Response that he can "easily obtain other patients" for a future lawsuit and sue Cigna again "without the assignment of benefits." (Doc. 28 at 2). Given this, the Court will reiterate its holding for clarity.

The Court may only hear cases when a plaintiff has demonstrated standing. That is, a plaintiff *must* show a defendant caused him harm. *Lujan*, 504 U.S. at 559. In this ERISA claim, which it necessarily is, Dr. Komarnisky needed to show he was a participant, a beneficiary, a fiduciary, or a valid assignee of the Plans' benefits. *See Spinedex*, 770 F.3d at 1288–89. He has not.

Dr. Komarnisky may prefer that Cigna pay for his services, rather than his patients, but that does not mean Cigna legally injures *him* by declining to pay out benefits. The law is clear that if a determination to not pay is unreasonable, only a plan participant, beneficiary, fiduciary, or valid assignee is the injured party and may bring an ERISA claim. *See id.* at 1289. Because Dr. Komarnisky has not shown that he is any of the above, he has not shown Cigna legally injured him. Even though he is a health-care provider, Dr. Komarnisky is not automatically entitled to bring an ERISA claim. *See DB Healthcare*, 852 F.3d at 876.

Accordingly,

**IT IS HEREBY ORDERED** that Cigna's Motion for Summary Judgment (Doc. 26) is **granted**. The Clerk of Court shall kindly enter judgment in accordance with this Order and terminate this matter.

Dated this 28th day of July, 2021.

Honorable Diane J. Humetewa
United States District Judge